**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN NAPOLI, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:15-0637 |
| v. | : | JUDGE MANNION |
| RUSSELL A. PERDUE, | : | |
| Respondent | : | |

### MEMORANDUM

On April 1, 2015, the petitioner, an inmate at the Federal Correctional Institution at Schuylkill, ("FCI-Schuylkill"), Minersville, Pennsylvania, filed the instant action pursuant to 28 U.S.C. §2241, (Doc. 1), along with an addendum, (Doc. 2), and a motion to proceed *in forma pauperis*, (Doc. 3). On May 18, 2015, the petitioner's motion to proceed *in forma pauperis* was granted and an order to show cause was issued. (Doc. 5). After having been granted an extension of time to do so, on June 18, 2015, the respondent filed a response to the petition. (Doc. 8).

Upon review of the record, on October 4, 2007, the petitioner was convicted in the United States District Court for the Eastern District of Pennsylvania on drug, racketeering, extortion, and firearms violations. See United States v. Napoli, United States District Court, Eastern District of Pennsylvania, Criminal Action No. 2:07-0075. On April 16, 2008, the petitioner was sentenced to 432 months of incarceration to be followed by five years of supervised release, forfeiture of specific tangible property, a special

assessment of $700, and joint and several forfeiture with his co-defendants of $6 million dollars. (Id., Doc. 287; Doc. 8, Ex. A, Att. 1). That same day, a judgment and preliminary order of forfeiture was entered as to the petitioner in which the court indicated that it "shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e)." (Id., Doc. 282). A judgment and commitment order was entered as to the petitioner on April 18, 2008. (Id., Doc. 288).

Also on April 18, 2008, the petitioner filed a notice of appeal to the United States Court of Appeals for the Third Circuit from the judgment and commitment order.[1] (Id., Doc. 289). The Third Circuit affirmed the petitioner's conviction and sentence on May 20, 2010. See United States v. Heilman, 337 Fed.App'x 157 (3d Cir. 2010). Subsequently, on September 20, 2010, the sentencing court issued a judgment and final order of forfeiture for the petitioner which included "a personal forfeiture money judgment in the amount of $6,000,000." (See United States v. Napoli, United States District Court, Eastern District of Pennsylvania, Criminal Action No. 2:07-0075, Doc. 336; Doc. 8, Ex. A, Att. 2).

On October 11, 2011, the petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255, in which he raised

---

[1] In his direct appeal, the petitioner challenged the calculation of the forfeiture amount.

various claims of ineffective assistance of counsel[2]. See United States v. Napoli, 2012 WL 4459584 (E.D.Pa. Sept. 26, 2012) (memorandum); United States v. Napoli, 2012 WL 4457589 (E.D.Pa. Sept. 26, 2012) (order). The petitioner's §2255 motion was denied on September 26, 2012, and no certificate of appealability was issued. Id. The petitioner later filed a motion for certificate of appealability in the Third Circuit, which was denied. (Doc. 8, Ex. B). A petition for rehearing *en banc* was also denied, (Doc. 8, Ex. C), as was a petition for writ of certiorari in the United States Supreme Court, (Doc. 8, Ex. D).

By e-mail dated March 12, 2015, to Robert Dobroski, the Chief of the Trust Fund Branch of the Bureau of Prisons ("BOP") Central Office in Washington, D.C., and by attached letter to the Warden at FCI-Schuylkill dated the same day, Michael A. Burke of the United States Marshals Service informed Mr. Dobroski and the Warden that he had learned of the petitioner's inmate trust account balance (in excess of $10,000) and informed them that the Eastern District court had imposed a forfeiture money judgment in the petitioner's criminal case in the amount of $6 million dollars. (Doc. 8, Ex. A, Att. 2). Mr. Burke indicated that he was investigating the extent of the government's interest in the monies in the petitioner's account and asked that, in accordance with BOP Program Statement 4500.10, Trust Fund/Deposit

---

[2] In this petition, the petitioner also challenged the forfeiture amounts.

Fund Manual, Section 8.8, all outgoing financial transactions be encumbered until a review into the matter was completed. Mr. Burke further indicated that the United States Attorney's Office was initiating an action to obtain an order from the court authorizing the BOP to surrender the trust fund account funds in partial satisfaction of the forfeiture order. By e-mail dated March 13, 2015, Karen Mullins, Trust Fund Analyst for the BOP's Trust Fund Branch, confirmed that funds in the petitioner's trust fund account in the amount of $10,537.20 were encumbered. (Doc. 8, Ex. A, Att. 3).

On April 1, 2015, the petitioner filed the instant action pursuant to §2241, in which he challenges the request to encumber the monies in his trust fund account arguing that, prior to seeking the placement of the encumbrance, the government failed to seek permission from the court to freeze his funds and did not provide him with notice of its intent to freeze the funds as property that was subject to forfeiture pursuant to the Eastern District court's prior judgment. As indicated above, a response to the petition was filed on June 18, 2015.

In the meantime, on June 15, 2015, the United States filed a motion for preliminary order of forfeiture for a substitute asset in the petitioner's criminal case in the Eastern District seeking an order of forfeiture of the $10,537.20 in the petitioner's trust fund account. (See United States v. Napoli, United States District Court, Eastern District of Pennsylvania, Criminal Action No.

2:07-0075, Doc. 424). The petitioner responded to that motion on June 25, 2015. (Id., Doc. 425). A reply brief in support of the motion was filed by the United States on July 13, 2015. (Id., Doc. 428). By memorandum and order dated July 17, 2015, the court grated the motion for a preliminary order of forfeiture. (Id., Doc. 429, Doc. 430). In doing so, the Eastern District court again indicated that it would "retain jurisdiction to enforce this order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure." (Id., Doc. 430). The court indicated that "the Judgment and Preliminary Order of Forfeiture entered on April 16, 2008 (Doc. #282) and the Judgment and Final Order of Forfeiture entered on September 20, 2010 (Doc. #336) shall otherwise remain unmodified and in full effect . . ." The petitioner filed an appeal of the court's order to the Third Circuit on July 28, 2015, (Id., Doc. 431). By order dated March 18, 2016, the Third Circuit directed a briefing schedule be issued to address, among other things, whether the government appropriately sought to seize the petitioner's trust fund monies as "substitute property" under Fed.R.Crim.P. 32.2(e)(1)(B) rather than under Fed.R.Crim.P. 32.2(e)(1)(A); and whether the government was required to comply with 21 U.S.C. §853(p), and, if so, whether the government could do so in a reply to the petitioner's objection. See United States v. Napoli, United States Court of Appeals, Third Circuit, Docket No. 15-2838.

  In the instant action, invoking Rule 32.2 of the Federal Rules of Criminal

Procedure, as well 21 U.S.C. §853(p), which addresses forfeiture of substitute property, the petitioner challenges the actions of the government in requesting the BOP to freeze his account without having first obtained an order of forfeiture from the sentencing court. Both the petitioner and the respondent agree that criminal forfeiture is part of a defendant's sentence, and that, in this case, the petitioner's sentence was imposed in the Eastern District of Pennsylvania. In his response to the government's motion for preliminary order of forfeiture for a substitute asset brought in the Eastern District of Pennsylvania after the government sought to freeze the petitioner's BOP funds, the petitioner informed the Eastern District court that he "requested that [the instant §2241 petition] be transferred to [the sentencing court, i.e., the Eastern District of Pennsylvania]." See United States v. Napoli, United States District Court, Eastern District of Pennsylvania, Doc. 425. In fact, although the petitioner brought his action in the Middle District, in the instant petition, the petitioner does request that his action be transferred to the sentencing court "[a]ssuming that [this court] lacks sufficient facts to adjudicate the petition, . . ." (Doc. 2, n.4). Further, in response to the instant petition, the government argues that since the petitioner has a post-conviction remedy available in the Eastern District, he must pursue that remedy rather than proceed by way of the instant §2241 action in this District, unless there is some limitation of scope or procedure that would not afford him a fair hearing. See Fake v. Yost,

416 Fed.App'x 133 (3d Cir. 2011). Here, the petitioner has an adequate post-conviction remedy. In fact, pursuant to Fed.R.Crim.P. 32.2(e) and §853(p), the government has filed a motion in the Eastern District seeking a preliminary order of forfeiture for a substitute asset, namely the monies at issue. The petitioner responded to that motion and was denied relief. Currently, he is awaiting a decision on his appeal to the Third Circuit. The petitioner has not established that his remedies in the Eastern District are inadequate to challenge the government's forfeiture. Given both the petitioner's and the respondent's positions in the instant action, the court finds that the petitioner's proceedings in this court are improper. The petitioner seeks transfer of the action, while the government seeks dismissal. Although the government seeks dismissal of the instant action since the petitioner has adequate post-conviction remedies already being litigated in the Eastern District, the court finds, as the petitioner has requested, that the action is more appropriately transferred to the Eastern District for that court to handle as it sees fit.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  May 3, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0637-01.wpd